THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **VAUBAN INTERNATIONAL BANK CORPORATION ET AL,**<br><br>　　Plaintiffs,<br><br>　　v.<br><br>**EZBANC CORP, ET AL,**<br><br>　　Defendants. | Civ. No. 24-1199 (ADC) |

## OPINION AND ORDER

Plaintiffs Tolomeo Bank International Corp. ("Tolomeo Corp."), Tolomeo Bank Limited ("Tolomeo Ltd."), and Vauban International Bank Corporation ("Vauban Bank") (the "bank plaintiffs") filed a complaint against BSI Group LLC ("BSI"), EZBanc Corp. and its Directors and Officers ("EZBanc"), EZBanc's President, Gregory Donahue ("Donahue"), Evolve Bank & Trust and its Directors and Officers ("Evolve Bank"), Solid Financial Technologies, Inc., its Chief Executive Officer, Arjun Thyagarajan, its President, Raghav Lal, and its Directors and Officers ("Solid Tech," and collectively with other defendants, the "defendants"). **ECF No. 1**. The bank plaintiffs purport to have filed the complaint with Crossbarfx Ltd. ("Crossbarfx") (together with the bank plaintiffs, the "plaintiffs").[1] The complaint alleges thirteen causes of action relating to

---

[1] The Court does not accept Crossbarfx as an "involuntary plaintiff" in this case. **ECF No. 90**, at 4. On April 15, 2025, the Court ordered the bank plaintiffs to show cause as to why Crossbarfx Ltd. should not be dismissed as a misjoined plaintiff pursuant to Fed. R. Civ. P. 21. **ECF No. 89**. Bank plaintiffs responded to the request on April 25, 2025, opining that Crossbarfx should be treated as an involuntary plaintiff. **ECF No. 90**, at 4. The Court notes,

alleged unauthorized withdrawal of funds deposited with co-defendant, Evolve Bank. *Id*. All defendants moved to dismiss the complaint based on, *inter alia*, lack of personal jurisdiction. **ECF Nos. 28**, **30**, **37**, and **63**. Additionally, pending before the Court is Solid Tech's motion for judicial notice. **ECF No. 29**.

For the reasons discussed below, the defendants' motions to dismiss are **GRANTED** and plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE**. Solid Tech's motion for judicial notice is **MOOT**.

I.      **Factual and Procedural Background**

At the outset, it is abundantly clear that plaintiffs cobbled together their allegations almost entirely from another proceeding filed in the Eastern District of Arkansas by defendant BSI against co-defendants Evolve Bank, EZBanc, and Solid Tech. *See* **ECF No. 1**, ¶ 36. Although the Court found several of plaintiffs' allegations to be unclear and contradictory, it nevertheless strives to provide a cohesive recitation of facts below.

---

however, that if an absentee party is within the jurisdiction of the Court, then they must be served with process as a defendant; the plaintiff may then request that the Court realign the party as a plaintiff. *See* 7 Fed. Prac. & Proc. Civ. § 1606 (3d ed.). Joinder of an involuntary plaintiff is only acceptable when a "person is beyond the jurisdiction of the court, and is notified of the action, but refuses to join" and when the "party sought to be joined has a **duty to allow plaintiff to use his [or her] name in the action**," most commonly in patent and copyright cases. *Id* (emphasis added). The bank plaintiffs summarily and inexplicably state that Crossbarfx is "without the jurisdiction of this Court." **ECF No. 90**, at 5. Yet the bank plaintiffs have a contract with Crossbarfx, and therefore it remains entirely unclear why they could not serve process on Crossbarfx to bring them within the jurisdiction of the Court or sue them in another forum. *See* **ECF No. 1**, at ¶¶ 21-23. Ultimately, however, because the Court dismisses the complaint as to all defendants, it need not further address the issue of Crossbarfx's improper joinder.

*A.    The Parties*

On March 1, 2024, plaintiffs filed the complaint under this Court's diversity jurisdiction against BSI, EZBanc, Donahue, Evolve Bank, and Solid Tech. **ECF No. 1**. Plaintiffs Tolomeo Corp. and Vauban Bank are Puerto Rico based entities. *Id.*, ¶¶ 2-3. Plaintiff Tolomeo Ltd. is based in Antigua and Barbuda. *Id.*, ¶ 4. Plaintiff Crossbarfx is based in England and Wales. *Id.*, ¶ 5. Defendant BSI is a Delaware limited liability company with its principal place of business in Missouri. **ECF No. 37**, ¶ 7. Defendant Evolve Bank is an Arkansas corporation with its principal place of business in Tennessee. **ECF No. 30**, at 4. Defendant EZBank is incorporated and has its principal place of business in Montana. *Id.*, ¶ 7. Defendant Solid Tech is a Delaware company with its principal place of business in California. **ECF No. 28**, at 2. Defendant Donohue is a Texas resident. **ECF No. 63**, at 2.

*B.    The Allegations*

Plaintiffs' complaint alleges: (i) conversion against EZBanc and Evolve Bank, *id.*, ¶¶ 75-81, 109-115; (ii) unjust enrichment against EZBanc and Evolve Bank, *id.*, ¶¶ 82-87, 116-121; (iii) negligence against EZBanc, Donahue, Evolve Bank, Solid Tech, and BSI, *id.*, ¶¶ 88-108, 122-35, 170-94, 210-17; (iv) constructive fraud against Evolve Bank and Solid Tech, *id.*, ¶¶ 151-69, 195-209; and (v) breach of fiduciary duties against Evolve Bank, *id.*, ¶¶ 136-50.

The bank plaintiffs all provide multi-currency account services to their international customers. **ECF No. 1**, ¶ 20. As part of providing such services, the bank plaintiffs entered into foreign exchange and payment services contracts with Crossbarfx in February 2019, April 2021,

and January 2019. *Id.*, ¶¶ 21-23. Crossbarfx subsequently established three U.S. dollar-denominated accounts with defendant BSI, a software and financial services company, at various U.S. banks, including an account with defendant, Evolve Bank. *Id.*, ¶¶ 25-32. The bank plaintiffs operated business with Crossbarfx "without incident" until mid-December 2022. *Id.* ¶ 26. On January 17, 2023, Crossbarfx allegedly "informed Plaintiffs that payments made via Evolve Bank had been returned," and services from Evolve Bank were intermittent. *Id.*, ¶¶ 26, 35.

Plaintiffs learned on May 26, 2023, that defendant BSI had filed a lawsuit against Evolve Bank, EZBanc, and Solid Tech in the U.S. District Court for the Eastern District of Arkansas. **ECF No. 1**, ¶¶ 36-38 (the "Arkansas BSI Complaint"). Through the Arkansas BSI Complaint, plaintiffs in the instant case learned of alleged asset mismanagement by Evolve Bank and EZBanc, including an "unauthorized transfer . . . from the same USD Account in which [funds of plaintiffs in the instant case] were held and transferred to EZBanc's account at Evolve Bank" on December 29, 2022. *Id.*, ¶¶ 53-55. Based on details from the Arkansas BSI Complaint, plaintiffs' complaint discusses several interactions among defendants, some of which appear to have no connection to plaintiffs' transactions with Crossbarfx, and Crossbarfx's accounts with defendants. *Id.*, ¶¶ 48-68. Plaintiffs do claim in relevant part, however, that the alleged mismanagement detailed in the Arkansas BSI Complaint resulted in "payments made by Plaintiffs to Crossbarfx's bank accounts with BSI . . . not [being] returned by Evolve or BSI to Crossbarfx," and therefore a claimed loss of $725,073.15 to Tolomeo Corp., $1,139,705.10 to

Tolomeo Ltd., and $971,563.89 to Vauban Bank. *Id.*, ¶¶ 67-72. Plaintiffs appear to allege that EZBanc is holding the funds they deposited with Crossbarfx. *Id.*, ¶ 72-74. Plaintiffs, however, have not alleged whether they have requested that EZBanc or Crossbarfx return the funds to them. *See id.*, ¶ 72-74.

C. *The Procedural History*

Defendants filed motions to dismiss on several grounds, including lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), improper venue under Fed. R. Civ. P. 12(b)(3), failure to state a claim under Fed. R. Civ. P. 12(b)(6), and lack of standing under Article III of the U.S. Constitution. **ECF No. 28** (July 8, 2024) (Solid Tech); **ECF No. 30** (July 8, 2024) (Evolve Bank); **ECF No. 37** (July 22, 2024) (BSI); **ECF Nos. 47** (August 22, 2024)**, 63** (Sept. 18, 2024) (Donahue).

The Court entered default against EZBanc on August 28, 2024, after EZBank failed to appear, answer the complaint, or otherwise proffer any defense. **ECF No. 48**.

Plaintiffs filed an omnibus opposition to Evolve Bank, Solid Tech, and BSI's respective motions to dismiss on August 21, 2024, **ECF No. 40**, and an opposition to Donahue's motion to dismiss on October 9, 2024, **ECF No. 77**. Defendants timely replied. **ECF No. 58** (Sept. 10, 2024) (Evolve Bank); **ECF No. 59** (Sept. 11, 2024) (Solid Tech); **ECF No. 61** (Sept. 11, 2024) (BSI). Plaintiffs surreplied. **ECF No. 66** (Sept. 25, 2024) (Evolve Bank); **ECF No. 72** (Sept. 27, 2024) (Solid Tech); **ECF No. 73** (Sept. 27, 2024) (BSI). Evolve Bank, with leave of the Court, sursurreplied. **ECF No. 80** (Oct. 28, 2024).

## II. Legal Standard

A defendant may move to dismiss a complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). In reviewing motions brought under Fed. R. Civ. P. 12(b)(2), the court "take[s] specific facts affirmatively alleged by the plaintiff as true (whether or not disputed) and construe[s] them in the light most congenial to the plaintiff's jurisdictional claim." *Negrón-Torres v. Verizon Commc'ns, Inc.*, 478 F.3d 19, 23 (1st Cir. 2007) (citing *Mass. Sch. of Law, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998)). Additionally, the court can consider "facts put forward by the defendants, to the extent that they are uncontradicted." *Id*.

In evaluating a motion to dismiss for lack of personal jurisdiction, a court may apply one of several standards. *Adelson v. Hananel*, 510 F.3d 43, 48 (1st Cir. 2007). The most conventional standard to apply at an early stage of the case is the *prima facie* standard, where the court determines personal jurisdiction without holding an evidentiary hearing and taking the allegations in plaintiffs' complaint and responsive filings, as well as defendant's proffered facts, as true. *Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 26 (1st Cir. 2008) (quoting *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 51 (1st Cir. 2002)). Plaintiff bears the burden of demonstrating that the court has personal jurisdiction. *LP Sols. LLC v. Duchossois*, 907 F.3d 95, 102 (1st Cir. 2018).

## III. Discussion

Defendants all argue, among numerous other bases for dismissal, that the Court cannot exercise personal jurisdiction over them, particularly because the allegedly harmful conduct did

not occur in Puerto Rico. *See* **ECF No. 28**, at 7-12 (Solid Tech); **ECF No. 30** (Evolve), at 7-12; **ECF No. 37** (BSI), at 7-13; **ECF No. 63** (Donahue), at 4-5. Regardless of the merits of defendants' other arguments for dismissal, the Court must dismiss the complaint on the jurisdictional basis of Fed. R. Civ. P. Rule 12(b)(2). It is basic law that a court must have personal jurisdiction over the parties to hear a case, "that is, the power to require the parties to obey its decrees." *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 617 (1st Cir. 2001) (citing *United States v. Swiss Am. Bank, Ltd.*, 191 F.3d 30, 35 (1st Cir. 1999)). Lack of personal jurisdiction is the central flaw in plaintiffs' complaint.

A.     **Personal Jurisdiction**

This case comes to this Court through diversity jurisdiction. **ECF No. 1**, ¶ 2. In diversity cases, the constitutional limits of personal jurisdiction are fixed by the Fourteenth Amendment, which dictates that "the exercise of personal jurisdiction must be both authorized by state statute and permitted by the Constitution." *LP Sols.*, 907 F.3d at 102; *Swiss Am. Bank*, 274 F.3d at 618. In Puerto Rico, the "long-arm statute is coextensive with the reach of the Due Process Clause." *Carreras v. PMG Collins, LLC*, 660 F.3d 549, 552 (1st Cir. 2011).

Consistent with the Due Process Clause, the defendant must have "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Negrón-Torres*, 478 F.3d at 24 (quoting *Int'l Shoe Co. v. Wash., Off. of Unemployment*, 326 U.S. 310, 316 (1945)). There are two types of personal jurisdiction, general and specific. *Id*. General jurisdiction is based on the defendant's "continuous and systematic activity, unrelated to the suit, in the forum state." *Negrón-Torres* 478 F.3d at 25. It is

undisputed, and therefore conceded, by plaintiffs that the Court cannot exercise general jurisdiction over defendants. *See* **ECF 40**, at 6.

Specific jurisdiction occurs "where the cause of action arises directly out of, or relates to, the defendant's forum-based contacts." *United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1088–89 (1st Cir. 1992). The First Circuit Court of Appeals conducts the specific jurisdiction inquiry based on a three-pronged test: (1) relatedness, (2) purposeful availment, and (3) reasonableness. *Copia Commc'ns, LLC v. AMResorts, L.P.*, 812 F.3d 1, 4 (1st Cir. 2016). For a finding of personal jurisdiction, all three prongs must be satisfied. *A Corp. v. All Am. Plumbing, Inc.*, 812 F.3d 54, 59 (1st Cir. 2016).

The first prong – relatedness – analyzes whether the nexus of plaintiff's claims is sufficiently related to the defendant's forum-based activities. *Phillip*, 530 F.3d at 27. Although the relatedness inquiry "is a relaxed standard, it nevertheless requires [the Court] to hone in on the relationship between the defendant and the forum." *A Corp.*, 812 F.3d at 59 (internal quotation marks omitted). The cause of action "must directly arise out of the specific contacts between the defendant and the forum state." *Phillips Exeter Acad. v. Howard Phillips Fund*, 196 F.3d 284, 290 (1st Cir. 1999). The standard differs, depending on whether the plaintiff is alleging a tort or contract claim. *Mass. Sch. of L. at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 35 (1st Cir. 1998); *Rodriguez v. Dixie S. Indus., Inc.*, 113 F. Supp. 2d 242, 251 (D.P.R. 2000). For a contract claim, the inquiry is whether the defendant's forum-based activities were instrumental in the formation of the contract or in its breach. *Mass. Sch. of L. at Andover*, 142 F.3d at 35; *Burk v. Morchower*, No.

CV 14-1557 (GAG), 2016 WL 1171509, at *5 (D.P.R. Mar. 23, 2016). For a tort claim, the inquiry "focuses on whether the defendant's in-forum conduct caused the injury or gave rise to the cause of action," that is, whether the injury would have occurred but for the defendant's forum state activity. *Swiss Am. Bank*, 274 F.3d at 622.

The second prong, purposeful availment, requires that a defendant purposefully have directed out-of-state activity at the forum state. While the First Circuit has recognized a "natural blurring of the relatedness and purposeful availment inquiries in cases in which the alleged facts are less tangible than physical presence," *Phillips Exeter*, 196 F.3d at 289, the purposeful availment requirement "ensures that jurisdiction is not based on merely random, isolated or fortuitous contacts with the forum state." *Sawtelle v. Farrell*, 70 F.3d 1381, 1391 (1st Cir. 1995) (cleaned up); *Hynes v. Forde & O'Meara LLP*, No. CV 23-1140 (SCC-MDM), 2024 WL 3360377, at *12 (D.P.R. Mar. 15, 2024), *report and recommendation adopted*, No. CV 23-1140 (SCC), 2024 WL 3360378 (D.P.R. Mar. 26, 2024).

The third and final prong is reasonableness. Here, the court must assess whether jurisdiction is fair and reasonable based on what have been called the five "Gestalt factors," which include: "(1) the defendant's burden of appearing [in the forum state], (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies." *Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc.*, 825 F.3d 28, 40 (1st Cir. 2016).

This third "reasonableness prong of the due process inquiry evokes a sliding scale: the weaker the plaintiff's showing on the first two prongs (relatedness and purposeful availment), the less a defendant need show in terms of unreasonableness to defeat jurisdiction." *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 210 (1st Cir. 1994).

Plaintiffs allege that this Court has specific jurisdiction over the defendants because "the controversy is related to or arises out of a defendant's contacts with the forum-state activities[,] . . . defendants' actions caused injury in Puerto Rico, where two of the Plaintiffs are domiciled," and because plaintiffs "are end users of [defendants'] services." **ECF No. 1**, ¶ 19; **ECF No. 40**, at 7.

The first, threshold prong of the tripartite test for specific jurisdiction is relatedness to the forum. *Swiss Am. Bank*, 274 F.3d at 622. The standard for relatedness is not – as plaintiffs incorrectly state in their complaint – whether plaintiffs used defendants' services and suffered an injury in the forum. The applicable test is whether the defendants' "in-forum conduct caused the injury." *Id*. Indeed, an "in-state injury alone is not sufficient under the Due Process Clause to prove relatedness for tort claims." *Vapotherm, Inc. v. Santiago*, 38 F.4th 252, 261 (1st Cir. 2022).

Here, plaintiffs have only alleged *injury* in Puerto Rico; they have not alleged that any allegedly tortious *conduct* occurred in Puerto Rico. Plaintiffs' allegations relate to Evolve Bank, EZBanc, Solid Tech, and Donahue's alleged mishandling plaintiffs' funds, all of which occurred outside of Puerto Rico. *See* **ECF No. 1**, ¶¶ 47, 53-54. The sole alleged connection to Puerto Rico is that Tolomeo Corp. and Vauban Bank suffered harm in Puerto Rico. *See, e.g., id*., ¶ 81.

Moreover, plaintiffs allege that Tolomeo Ltd. suffered all damages in Antigua. *Id*. The allegations in plaintiffs' complaint of injury in Puerto Rico to plaintiffs Tolomeo Corp. and Vauban Bank alone are insufficient to find relatedness to the forum. *Swiss Am. Bank, Ltd.*, 274 F.3d at 625 ("We have wrestled before with this issue of whether the in-forum effects of extra-forum activities suffice to constitute minimum contacts and have found in the negative.").

"An affirmative finding on each of the three elements of the test is required to support a finding of specific jurisdiction." *Phillips Exeter Acad.*, 196 F.3d at 288. Plaintiffs have not proffered allegations such that their claim satisfies the threshold relatedness prong of the test, and this is fatal to plaintiffs' complaint. *See A Corp.*, 812 F.3d at 61-62; *Ticketmaster*, 26 F.3d at 210; *Puerto Rico Soccer League NFP, Corp. v. Federacion Puertorriquena de Futbol*, No. CV 23-1203 (RAM), 2025 WL 745010, at *8 (D.P.R. Mar. 7, 2025) (at the outset, necessitating a showing of a "nexus between [defendants'] claim and the defendant[s'] forum-based activities"). The Court therefore need not analyze whether defendants purposefully availed themselves of Puerto Rico or methodically march through each of the Gestalt factors to illustrate the lack of personal jurisdiction here.

IV. **Conclusion**

In light of the foregoing, plaintiffs have failed to allege a factual basis in support of defendants' minimum contacts, and thus defendants are not subject to the jurisdiction of this forum. Since the Court lacks jurisdiction, its inquiry ends here. Accordingly, defendants' motions at **ECF Nos. 28**, **30**, **37**, and **63**, are hereby **GRANTED**, and the complaint is

**DISMISSED WITHOUT PREJUDICE**. The Clerk of Court shall enter judgment dismissing all claims accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 23rd day of June 2025.

                                                    **S/AIDA M. DELGADO-COLÓN**
                                                    **United States District Judge**